IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | CRIMINAL ACTION NO. 2:15-CR-00266 |
| DANIEL SANCHEZ, ET AL, | § | |

## MOTION TO DEPOSE MATERIAL WITNESS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Edel Cuevas-Castro ("Cuevas-Castro), material witness herein, by and through his attorney, Heather Moretzsohn, and respectfully moves this Court to allow the Government and Defendants to take his deposition, to adequately secure the witness's testimony, and to then release Cuevas-Castro from the U.S. Marshals' custody.

Federal law requires the deposition and release from detention of material witnesses if the testimony of such witnesses can be adequately secured by deposition, and where further detention is not necessary to prevent a failure of justice. 18 U.S.C. § 3144; FED. R. CRIM P. 15(a).

> Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release. He must file a "written motion," FED. R. CRIM. P. 15(a), requesting that he be deposed. The motion must demonstrate that his "testimony can adequately be secured by deposition," and that "further detention is not necessary to prevent a failure of justice." 18 U.S.C. § 3144. Upon such a showing, the district court must order her deposition and prompt release. *Id.* ("No material witness may be detained" if she makes such a showing). Although Rule 15(a) is couched in the permissive "may," not the mandatory "shall," FED. R. CRIM. P. 15(a) ("the court . . . may direct that the witness' deposition be taken"), it is clear from a conjunctive reading with § 3144 that the discretion to deny the motion is limited to those instances in which the deposition would not serve as an adequate substitute for the witness' live testimony: that a "failure of justice" would ensue were the witness released. *See* 18 U.S.C. § 3144. Absent a "failure of justice," the witness must be released.

*Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992).

Cuevas-Castro argues that any testimony he could provide the Government regarding his limited knowledge of the facts of Defendants' case can be adequately secured by deposition; that a deposition would serve as an adequate substitute for Cuevas-Castro's live testimony; and that no failure of justice would ensue from the witness' release. Moreover, Cuevas-Castro asserts that, without first taking a deposition, the parties cannot know whether such a deposition would be adequate to secure the witness' testimony. Accordingly, Cuevas-Castro respectfully requests that the Court order a deposition to secure his testimony in this matter and prevent an unnecessary and prolonged detention. *See* 18 U.S.C. § 3144 ("Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.").

The next hearing is set for sentencing on August 20, 2015. Cuevas-Castro has indicated to me on at least two occasions that he has health related problems which are not being adequately treated at the Brooks County Detention Center. I have spoken with the medical personnel at the facility, but the material witness indicates his health problems still have not been addressed. Additionally, Cuevas-Castro's daughter has kidney problems and he wants to return to his home country to be available to assist in her care.

WHEREFORE, PREMISES CONSIDERED, Cuevas-Castro, as material witness, respectfully asks this Court to order that a deposition be taken at the soonest possible date so that the parties can secure his testimony and he can be discharged from custody.

Respectfully submitted,

RODRIGUEZ & MORETZSOHN, P.L.L.C.
713 Ayers St.
Corpus Christi, TX 78404
(361) 883-8900  phone
(361) 883-6609  fax

Signed:   /s/ Heather Moretzsohn /s/
Texas Bar No. 24053375
Federal ID No. 17287

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Assistant United States Attorney Jeffrey S. Miller and he is opposed to the Motion to Depose Material Witness. John S. Gilmore, Jr. (attorney representing Daniel Sanchez) did not provide an answer at the time of filing this motion. Christina Marie Woehr (attorney representing Maria Nelly Dominguez) is unopposed to the motion. Allan L. Potter (attorney representing Maria Nelly Dominguez) did not provide a response.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above motion was delivered to all counsel of record on July 9, 2015 via electronic submission.

Signed:  /s/ Heather Moretzsohn /s/
Texas Bar No. 24053375
Federal ID No. 17287

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL CASE NO. 2:15-CR-00266 |
| DANIEL SANCHEZ, ET AL, | § § | |

## ORDER GRANTING MOTION TO DEPOSE MATERIAL WITNESS

On this day came on to be heard material witness Edel Cuevas-Castro's Motion to Depose Material Witness in this matter. Having considered the motion, the Court is of the opinion that it should be GRANTED, and this matter is set for deposition on _____, 2015, at _____, at 1133 North Shoreline Blvd., Corpus Christi, TX 78401.

ORDERED this _____ day of _____, 2015.

_____
**UNITED STATES DISTRICT JUDGE**

5